## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

U.S. BANK NATIONAL ASSOCIATION,
in its capacity as Indenture Trustee and
not in its Individual Capacity,

09 C 078

Plaintiff,

v.

**MEMORANDUM OF LAW & ORDER**
Civil File No. 08-5111 (MJD/JJK)

ALLIANT ENERGY RESOURCES, INC.,
a Wisconsin corporation; and ALLIANT
ENERGY CORP., a Wisconsin corporation,

Defendants.

A true printed copy in ___37___ sheet(s)
of the electronic record filed on _____,
in the United States District Court
for the District of Minnesota.
CERTIFIED _____2-9_____, 20__
RICHARD D. SLETTEN
BY: _____

Andrew N. Rosenberg, Gerard E. Harper, and Samantha G. Amdursky, Paul,
Weiss, Rifkind, Wharton & Garrison, LLP, and William Z. Pentelovitch, Emily M.
Rome, and Haley N. Schaffer, Maslon Edelman Borman & Brand, LLP, Counsel
for Plaintiff.

Brian P. Keenan, G. Michael Halfenger, and Thomas L. Shriner, Jr., Foley &
Lardner LLP, and John D. Sear and Ryan L. Nilsen, Bowman & Brooke LLP,
Counsel for Defendants.

## I.     INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss for Lack

1

of Personal Jurisdiction and Improper Venue or, in the Alternative, Motion to

Transfer Venue. [Docket No. 9] The Court heard oral argument on November

21, 2008.

## II.   BACKGROUND

### A.   Factual Background

Plaintiff is U.S. Bank National Association ("U.S. Bank"), a citizen of Ohio.

Defendants are Alliant Energy Resources, Inc. ("Resources") and Alliant

Energy Corp. ("Alliant"), both Wisconsin corporations with their principal places

of business in Wisconsin. Resources is a wholly owned subsidiary of Alliant.

Neither Alliant nor Resources is authorized to conduct business in Minnesota or

has an appointed agent for service of process in Minnesota. Neither has

corporate offices, mailing addresses, employees, bank accounts, or property in

Minnesota.

Alliant manages four subsidiary companies: Resources, Wisconsin Power

& Light Company ("WP&L"), Interstate Power & Light Company ("IP&L"), and

Corporate Services. WP&L is a public utility serving Wisconsin. Resources is the

repository of Alliant's unregulated business investments. IP&L is an Iowa

corporation and public utility that generates, purchases, distributes and sells

2

electricity and natural gas in Iowa and Minnesota. Corporate Services provides administrative services to Alliant and its subsidiaries.

On November 4, 1999, Firstar Bank, N.A. ("Firstar"), Resources, and Alliant entered into an Indenture under which Firstar would serve as trustee for Notes issued by Resources and guaranteed by Alliant. At the time the Indenture was signed, Firstar's Corporate Trust Department was located in Milwaukee, Wisconsin. Under the Indenture, Resources borrowed $400 million by issuing Notes that Alliant guaranteed.

The Indenture is governed by Wisconsin law. It provides that notices were to be sent to Resources or Alliant at their offices in Madison, Wisconsin, and to Firstar at its Corporate Trust Department in Milwaukee, Wisconsin.

In February 2001, Firstar acquired U.S. Bancorp and the new U.S. Bank became the Trustee, paying agent, and registrar under the Indenture. Under the Indenture, Resources and Alliant had the right to remove U.S. Bank as Trustee; however, Defendants did not remove U.S. Bank from the Indenture.

U.S. Bank handles its trust operations from offices in St. Paul, Minnesota.

**B.     Procedural Background**

On September 4, 2008, U.S. Bank filed a Complaint against Resources and

Alliant in this Court.

On November 18, 2008, Plaintiff filed an Amended Complaint. The parties agree that the amendments to the Complaint do not change the issues briefed on the motion before the Court. The Court will treat Defendants' current motion as a motion to dismiss or transfer based on the Amended Complaint.

Plaintiff asserts that this Court has diversity jurisdiction and that venue is proper under 28 U.S.C. § 1391.

The Amended Complaint alleges three counts. Counts One and Two seek a declaration that Resources is in breach of the Successor Obligor clause in § 5.01 of the Indenture and that, upon expiration of the Grace Period, U.S. Bank has the right to declare the principal and interest immediately due and owing and Alliant is liable upon its Guaranty. Count Three seeks a declaration that U.S. Bank is not required to execute a fifth supplemental indenture allowing Alliant to assume Resources' obligations under the Indenture because Resources is already in default under the Successor Obligor clause.

The Successor Obligor clause requires that the Notes follow "all or substantially all" of the borrower's properties and assets on the security of which the Noteholders lent the money. (Indenture § 5.01.) It requires that, if Resources

transfers "all or substantially all" of its properties and assets to a third party, the third-party transferee must be "organized and existing under the laws of the United States" and must assume Resources' obligations under the Notes and Indenture.

The Amended Complaint asserts that Resources is in breach because it transferred substantially all of its assets to entities that are not legally organized in the United States and that did not assume Resources' liabilities under the Notes and the Indenture. Specifically, Plaintiff alleges that, beginning in 2003, Alliant started to dispose of substantially all of Resources' property and assets, eventually selling $1.2 billion in assets, mostly to entities not organized in the United States. Plaintiff claims that, by the end of 2006, Resources had only two domestic simple-cycle natural gas power plants, one of which Resources intends to sell in June 2009, an investment in Mexico, which has since been sold, and minor other non-regulated investments.

In 2008, U.S. Bank notified Resources that it was in default based on its breach of the Successor Obligor clause. Defendants requested that U.S. Bank execute a fifth supplemental indenture permitting Alliant to assume Resources' obligations under the Indenture. Plaintiff refused to execute the fifth

5

supplemental indenture on the grounds that execution is not required under the

Indenture if a default has occurred and is continuing.  Plaintiff claims that

Resources breached the Successor Obligor clause and that this breach is

continuing.

Defendants now ask that the Court dismiss the Amended Complaint for

lack of personal jurisdiction or improper venue, or, in the alternative, that the

Court use its discretion to transfer the case to the Western District of Wisconsin.

Because, as explained below, the Court concludes that transfer is warranted

under 28 U.S.C. § 1404(a), it is not necessary to reach the personal jurisdiction

and improper venue prongs of Defendants' motion.  See Follete v. Wal-Mart

Stores, Inc., 41 F.3d 1234, 1238 (8th Cir. 1994) (noting that district court lacking

personal jurisdiction can "transfer the suit to another jurisdiction where personal

jurisdiction and venue did exist" under § 1404(a) or § 1406(a)); Ying v. China

Chef, Inc., No. 08 Civ. 4282(PKC), 2008 WL 4104018, at *1 (S.D.N.Y. Sept. 2, 2008)

(holding that, because court was granting "motion to transfer venue for the

convenience of the parties and witnesses and in the interest of justice," court did

not need to reach the personal jurisdiction prong of defendants' motion).

The Court denies Plaintiff's request for jurisdictional discovery because it

6

does not base its ruling on lack of personal jurisdiction. Additionally, the subject

areas into which Plaintiff represents it would inquire would not be relevant to the

Court's analysis or holding.

## III.    DISCUSSION

Defendants seek transfer to the Western District of Wisconsin, where both

Defendants are subject to personal jurisdiction and are residents for the purposes

of 28 U.S.C. § 1391.

### A.    Standard for Transfer of Venue

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and

witnesses, in the interest of justice, a district court may transfer any civil action to

any other district or division where it might have been brought." "In general,

federal courts give considerable deference to a plaintiff's choice of forum and

thus the party seeking a transfer under section 1404(a) typically bears the burden

of proving that a transfer is warranted." Terra Int'l, Inc. v. Miss. Chem. Corp.,

119 F.3d 688, 695 (8th Cir. 1997) (citations omitted). When considering a motion

to transfer, the Court must consider three factors: "(1) the convenience of the

parties, (2) the convenience of the witnesses, and (3) the interests of justice." Id.

at 691 (citation omitted). However, "such determinations require a case-by-case

evaluation of the particular circumstances at hand." Id. The Court may also

analyze such factors as "the applicability of each forum state's substantive law,"

"the accessibility to records and documents," and "the advantages of having a

local court determine questions of local law." Id. at 696 (citations omitted).

### B.    Convenience of the Parties

In this case, the convenience of the parties does not weigh heavily for or

against transfer. The District of Minnesota and the Western District of Wisconsin

are located close to one another and travel from one location to the other is not

lengthy, expensive, or onerous.

Trial in the Western District of Wisconsin would be more convenient for

Defendants because they are located in that district, their records, which would

be relevant to the alleged sales and breach, are located there, and the underlying

events related to the formation of the Indenture and Defendants' alleged actions

in breach of that Indenture, occurred in Wisconsin.

Plaintiff itself is not a citizen of Minnesota. However, Plaintiff's trust

division is located in Minnesota and Plaintiff filed suit in this district, so trial in

Minnesota would be more convenient for Plaintiff than trial in Wisconsin.

Additionally, there is a general presumption in favor of a plaintiff's choice of

forum.

C.    **Convenience of the Witnesses**

Trial in the Western District of Wisconsin would be more convenient for

the witnesses than trial in Minnesota because more of the relevant witnesses are

located in that district and a substantial portion of the underlying events

occurred there.

Plaintiff argues that Resources' allegedly breaching sales of its assets

occurred in various locations, including many foreign countries.  Plaintiff also

asserts that substantial documentation and witnesses reside at U.S. Bank's St.

Paul office, as well as in other states, such as Iowa and New York.

There is no allegation that any of the allegedly breaching asset sales had

any connection to Minnesota or that any persons who acted in relation to those

sales have any Minnesota connection.  However, because Resources and Alliant

are in the Western District of Wisconsin, their documents relating to this case and

their involved employees are all there.  There may also be defense witnesses and

events connected to other locations, such as Cedar Rapids, Iowa, but none

connected to Minnesota.  Moreover, the Resources witnesses who work in Cedar

Rapids regularly travel to Madison, Wisconsin as part of their job duties.

Any documents and witnesses in U.S. Bank's Minnesota offices would relate to the day-to-day administration of the Indenture, but would have little relevance to the alleged breach or to the negotiation and execution of the Indenture. Any Minnesota witnesses are unlikely to be significant witnesses for depositions or at trial. Although Plaintiff's trust division is located in Minnesota, the Indenture was negotiated and executed in Wisconsin by Plaintiff's Wisconsin predecessor. There is no allegation that any Minnesota witnesses are necessary, beyond, perhaps, Plaintiff's records custodians or employees of Plaintiff who performed ministerial duties related to the Indenture. In fact, the extent of U.S. Bank's Minnesota trust operations office's role in the Notes is not clear given that U.S. Bank's August 14, 2008 letter to Defendants notifying them that certain holders of the Notes alleged them to be in default and asking for a responsive position from Defendants was sent on U.S. Bank Corporate Trust Services letterhead with a New York City, not St. Paul, address.

While, at this stage, it is unclear whether there may be important witnesses located in states other than Wisconsin and in other countries, it is clear that important witnesses and documents are not located in Minnesota. The Western District of Wisconsin is a more convenient location for potential witnesses than

10

Minnesota.

### D.   Interests of Justice

The Court concludes that the interests of justice weigh heavily in favor of transfer to the Western District of Wisconsin.  Wisconsin Defendants negotiated the Indenture in Wisconsin with a Wisconsin-based trustee and agreed that the agreement would be governed by Wisconsin law.  U.S. Bank asserts that Defendants defaulted by selling assets located in foreign countries.  There is no allegation that any actions constituting default occurred in Minnesota. Minnesota has no connection to the underlying facts in this litigation other than the fact that, after the relevant negotiation and execution of the Indenture, U.S. Bank, an Ohio citizen, took the unilateral action of taking over Firstar's role in the Indenture and chose to administer the Indenture in Minnesota.  This was an unexpected, unilateral event that occurred after the Indenture was executed.

It is doubtful that this Court even has personal jurisdiction over Defendants, whose connections to Minnesota are negligible and unrelated to this case.  The only significant contacts at issue are the contacts of a separate Alliant subsidiary, IP&L, which has no connection whatsoever to this lawsuit.

"While there is a general presumption in favor of a plaintiff's choice of

11

forum, courts afford that choice significantly less deference when . . . the transaction or underlying facts did not occur in the chosen forum." Nelson v. Soo Line R. Co., 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999) (citations omitted). Here, Minnesota has no connection to the facts underlying the lawsuit – the negotiation, execution, and alleged breach of the Indenture – and, at the time the Indenture was executed, the parties had no expectation that Minnesota would have any connection to their relationship or the performance of the agreement.

E.    **Applicable Law**

As the parties agreed in the Indenture, the Indenture agreement and this lawsuit is governed by Wisconsin law. A Wisconsin court is best suited to apply Wisconsin law.

Weighing all of the above factors, the Court concludes that transfer to the Western District of Wisconsin is appropriate. Because the Court is transferring this matter, it need not examine the doubtful question of whether it possesses personal jurisdiction over both Defendants.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1.    Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and

Improper Venue or, in the Alternative, Motion to Transfer Venue [Docket No. 9] is **GRANTED**.

2.    This case is transferred to the United States District Court for the Western District of Wisconsin.


Dated:   January 19, 2009                         s/ Michael J. Davis_____
                                                  Michael J. Davis
                                                  Chief Judge
                                                  United States District Court