IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

U.S. BANK NATIONAL ASSOCIATION,
in its capacity as Indenture Trustee and not
in its individual capacity

                   OPINION and ORDER

      Plaintiff

                   09-cv-078-bbc

  v.

ALLIANT ENERGY RESOURCES, INC,
a Wisconsin Corporation, and
ALLIANT ENERGY CORP,
a Wisconsin Corporation,
      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  This is a civil action for breach of contract brought by an indenture trustee against both the issuer and guarantor of certain securities. Plaintiff U.S. Bank National Association, the indenture trustee, has brought this action seeking a declaration that defendant Alliant Energy Resources, Inc., the issuer of notes used to secure a $402.5 million loan, breached a November 4, 1999 indenture agreement by transferring substantially all of its assets to entities that are organized outside the United States and not insuring that these entities assumed defendant's obligations under the notes. In addition, plaintiff seeks a declaration that it is not required to sign a fifth supplemental indenture that would allow defendant

1

Alliant Energy Corporation, defendant Alliant Energy Resources' parent company, to assume Resources' obligations on these notes. Defendants deny that Resources has materially breached the indenture and have counterclaimed seeking injunctive and declaratory relief; specifically, defendants seek a declaration that they are not in breach of the indenture and requesting an order that plaintiff sign the fifth supplemental indenture. Jurisdiction is present. 28 U.S.C. 1332.

Now before the court is plaintiff's motion to dismiss or strike defendant's counterclaim under Fed. R. Civ. P. 12(b)(6) or 12(f) because defendants counterclaims are "mirror images" of the claims raised in plaintiff's amended complaint. Defendants oppose plaintiff's motion, contending that its counterclaim is not redundant because it seeks injunctive relief and a declaration that defendants are not in breach. Because defendants' counterclaims request relief not provided for in determining plaintiff's declaratory action and it is too early to determine whether defendant's counterclaims will be rendered moot by adjudication of plaintiff's claims, I will deny plaintiff's motion to strike.

BACKGROUND

Plaintiff U.S. Bank National Association is a citizen of Ohio. Defendants Alliant Energy Resources and Alliant Energy Corporation are both Wisconsin corporations with their principal places of business in Wisconsin. Defendant Alliant Energy Resources is a

wholly owned subsidiary of defendant of Alliant Energy Corporation. (I will refer to the subsidiary as defendant Resources and the parent company as defendant Alliant.)

On November 4, 1999, defendants entered into an indenture agreement with Firstar Bank, N.A. Under the agreement, Firstar served as the indenture trustee for $400 million worth of notes issued by Resources. The notes were issued on February 1, 2000 and will reach maturity on February 15, 2030. Defendant Alliant guaranteed the notes. In February 2001, Firstar made plaintiff the new trustee under the indenture.

Beginning in 2003, Alliant began to dispose of Resources' assets and property, selling $1.2 billion in assets to the following foreign entities: Meridian Energy, Ltd., Public (IPO), Sobrapar Ltda., Banpu plc Infratil, Ltd., Salvago Mexico and others.

On September 4, 2008, plaintiff filed this declaratory action against defendants in the United States District Court for the District of Minnesota. Plaintiff's complaint contains two counts for breach "of the Successor Obligor Clause . . . of the Indenture by reason of its transfer of substantially all of its assets to entities that are not legally organized in the United States and that did not assume Resources' liabilities under the Notes and the Indenture." Count three seeks a declaration that plaintiff is not required to execute a fifth supplemental indenture. Defendants filed a motion to dismiss for lack of personal jurisdiction and improper venue or to transfer to the Western District of Wisconsin. On January 19, 2009, Chief Judge Michael J. Davis transferred the case to this district.

3

On February 11, 2009, defendants filed their first answer to plaintiff's amended complaint and a counterclaim containing the following three counts:

> [Count One:] The [D]efendants are entitled to a declaration that Resources has not breached the Indenture by virtue of the asset sales that are the subject of the [A]mended [C]omplaint, or any of them.

> * * *

> [Count Two:] The [D]efendants are entitled to a declaration that [defendant] Alant has validly assumed the obligations of [defendant] Resources under the Indenture and with respect to the Notes and that [defendant] Resources has thereby been released from any liabilities, obligations, or covenants under the Indenture and with respect to the Notes. The [D]efendants are [also] entitled to a mandatory injunction compelling the plaintiff to execute the fifth supplemental indenture, recognizing such assumption.

> * * *

> [Count Three:] The [D]efendants are entitled to a declaration that the plaintiff is not entitled to recover its costs and expenses, including disbursements and attorneys' fees, with respect to this action, from the defendants.

OPINION

Plaintiff contends that defendants' counterclaims should be dismissed because the claims are redundant and will necessarily be resolved by the court's determination of plaintiff's claims. It asserts two grounds for dismissal of defendants' counterclaim, Rule 12(b)(6) and Rule 12(f). Under Fed. R. Civ. P. 12(b)(6), a claim or entire complaint may be dismissed for a "failure to state a claim upon which relief can be granted." Dismissal

4

under 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007). Plaintiff does not argue that defendants fail to state a claim in their request for a declaration that Resources is not in breach of the indenture agreement or in their request for an injunction requiring plaintiff to sign the fifth supplemental indenture. In fact, plaintiff implicitly concedes that defendants' counterclaim states a claim when it suggests that a ruling against plaintiff on its complaint would provide defendants the relief they seek. Therefore, plaintiff offers no reason why defendants' counterclaims should be dismissed under Rule 12(b)(6). I will deny the motion on that ground.

The real thrust of plaintiff's motion is that district courts should dismiss declaratory judgment counterclaims that are redundant and unnecessary under Rule 12(f), which allows a district court to strike from a complaint or counterclaim "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The decision whether to strike a party's pleading under Rule 12(f) is discretionary. United States v. Zanefi, 353 F. Supp. 2d 962, 964 (N.D. Ill 2005) (because district court has discretion to grant or deny an action for declaratory judgment it should not proceed on claims that would "serve no useful purpose").

Plaintiff cites a number of cases from the Northern District of Illinois dismissing counterclaim that raised issues already being litigated. Zanefi, 353 F. Supp. 2d at 965;

5

Lincoln National Corp. v. Steadfast Ins. Co., No. 06-cv-058, 2006, 2006 WL 1660591, at *4 (N.D. Ill. June 9, 2006); Green Bay Packaging, Inc. v. Hoganson & Associates, Inc., 362 F. Supp. 78, 82 (N.D. Ill. 1973). However, motions to strike are disfavored generally. Custom Vehicles, Inc. v. Forest River, Inc., 464 F.3d 725, 727 (7th Cir. 2006); Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989) ("[a]ffirmative defenses will be stricken only when they are insufficient on the face of the pleadings"); Albert Trostel & Sons Co. v. Notz, 536 F. Supp. 2d 969, 974-75 (E.D. Wis. 2008). Motions to strike waste time by requiring judges to engage in busywork and judicial editing without addressing the merits of a party's claim. Custom Vehicles, 464 F. 3d at 727-28.

Although plaintiff may be correct that portions of defendants' counterclaims restate issues already contested in this litigation, namely, whether Resources is in breach of the indenture agreement, plaintiff has not shown that the counterclaim is a mirror image or completely redundant. First, defendants are seeking injunctive relief on their counterclaim requiring plaintiff to sign a fifth supplemental indenture. Plaintiff contends that the court's resolution of plaintiff's claim that it is not required to sign a fifth supplemental indenture would moot defendants' counterclaim. Although the resolution of that issue might resolve the parties' legal duties, it does not necessarily mean that plaintiff would sign the indenture, requiring defendants to bring an additional lawsuit. If that were the case, judicial efficiency would not be promoted. Therefore, it would be unwise to dismiss this counterclaim.

6

Second, with respect to defendants' counterclaim that they are not in breach of the indenture agreement, the counterclaims appear to be the inverse of plaintiff's claims. If the court were not to find in plaintiff's favor on its claim that defendant Resources breached the indenture with respect to counts one or two, then the logical conclusion is that defendant Resources is not in breach of the agreement. However, it would be premature to dismiss a viable and plausible claim at such an early stage with so few facts on the record. If, as plaintiff argues, the counterclaims are truly repetitious, then plaintiff will not have to expend much time on any additional discovery or briefing. However, dismissing a plausible claim erroneously could lead to a subsequent appeal, thereby delaying the eventual resolution of this case. Therefore, "the safer court for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action." 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1406, at 36 (2d ed. 1990). For the foregoing reasons, I decline to dismiss defendants' counterclaims at this time. Accordingly, plaintiff's motion to strike or dismiss defendants' counterclaims will be denied.

ORDER

IT IS ORDERED that plaintiff U.S. Bank National Association's motion to dismiss or strike the counterclaims of defendants Alliant Energy Resources, Inc. And Alliant Energy Corporation, dkt. #23, is DENIED.

Entered this 26th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

8